IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TRENT ANTHONY GUIDRY,

          Petitioner,

                                        Civil Action No.
   v.                                    9:03-CV-1308 (TJM/DEP)

D.B. DREW, Warden,

          Respondent.

---

APPEARANCES:                          OF COUNSEL:

FOR PETITIONER:

TRENT ANTHONY GUIDRY, *pro se*

FOR RESPONDENT:

HON. ELIOT SPITZER               CHARLES E. ROBERTS, ESQ.
Office of Attorney General          Assistant Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

DAVID E. PEEBLES
MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Petitioner Trent A. Guidry, a federal prison inmate who is

proceeding *pro se* and *in forma pauperis*, has initiated this proceeding

seeking federal habeas relief pursuant to 28 U.S.C. § 2241. In his petition, Guidry challenges the calculation made by federal prison officials regarding the interplay between his federal sentence and state sentences meted out in three separate Louisiana local courts. In its essence, Guidry's petition asserts his entitlement to credit for 708 days served in the custody of state officials in connection with a parole revocation proceeding, while subject to a federal detainer, in light of the fact that according to him, a revocation hearing was never conducted.

Having reviewed the matter in the light of well-established principles regarding the calculation of federal sentences I find no error, and thus recommend dismissal of Guidry's petition.

I.  BACKGROUND

Petitioner was arrested by local authorities in Texas on December 27, 1996, based upon criminal conduct which ultimately led to his prosecution federally in the United States District Court for the Eastern District of Texas. *See* Sealed Response to Petition (Dkt. No. 15) Exh. 1D, ¶ 7; *see also* Cochran Decl. (Dkt. No. 9) ¶ 6.[1]  Petitioner was later

---

[1]  Certain of the exhibits submitted in response to Guidry's petition, including judgments of conviction from the Eastern District of Texas, dated February 27, 1998 (Exh. 1B), and October 10, 2000 (Exh. 1C), as well as a presentence investigation report prepared for use by that court (Exh. 1D), dated January 15,

released on bond in connection with those charges on December 30, 1996. *Id.*

On March 11, 1997 petitioner was arrested in Calcasieu Parish, Louisiana, on charges of drug and weapons possession. *See* Response to Petition (Dkt. No. 9) Exh. 1F; *see also* Cochran Decl. (Dkt. No. 9) ¶ 4. Although the record is far from clear, it appears that those charges date back to arrests in 1996, and that Guidry's being taken into custody in March of 1997 in connection with them resulted from the issuance of a bench warrant. *See* Sealed Response to Petition (Dkt. No. 15) Exh. 1D, ¶¶ 36, 37. Petitioner was sentenced on May 21, 1997 in connection with those charges, based upon a plea of guilty, to two years of incarceration.[2] Sealed Response to Petition (Dkt. No. 15) Exh. 1D, ¶¶ 36, 37.

At the time of his sentencing on the Calcasieu Parish charges on May 21, 1997, petitioner's parole in connection with three separate convictions previously entered in Vermillion Parish, Louisiana (Nos.

---

1998, have been filed under seal in order to maintain the confidentiality of those documents pursuant, *inter alia*, to United States Department of Justice, Federal Bureau of Prisons ("BOP") Program Statement No. 1351.05, governing the release of information regarding federal prison inmates. *See* Dkt. No. 15.

[2] Petitioner has remained in custody continuously since his arrest on March 11, 1997 by state law enforcement officials. Cochran Decl. (Dkt. No. 9) ¶ 4.

27165-W, 27168-W, and 27164-W) was revoked.  Sealed Response to Petition (Dkt. No. 15)  Exh. 1D, ¶¶ 28-30.  In addition, Guidry's parole stemming from an earlier conviction from Beauregard Parish, Louisiana (No. CR-73-92) was revoked, also on May 21, 1997.  *Id.* ¶ 33.  Petitioner was released on parole with regard to all of the various Louisiana convictions on February 17, 1999.  *See generally* Sealed Response to Petition (Dkt. No. 15) ¶¶ 28, 29, 30, 33, 36, 37; *see also* Response to Petition (Dkt. No. 9) Exh. 1G; Cochran Decl. (Dkt. No. 9) ¶ 5.

On July 15, 1997, while serving his state sentence, petitioner appeared before a United States Magistrate Judge pursuant to a writ of habeas corpus *ad prosequendum* for an initial appearance in connection with a two count indictment returned on January 15, 1997 by a grand jury for the Eastern District of Texas, Beaumont Division, charging the petitioner and a co-defendant with conspiracy to distribute, and to possess with intent to distribute, cocaine base (Count I) and possession, with intent to distribute, of cocaine base (Count 2), in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Response to Petition (Dkt. No. 9) ¶¶ 1,2.  Petitioner was formally arraigned on those charges on

July 22, 1997 and waived his right to a detention hearing pursuant to 18 U.S.C. § 3142(f), consenting to be detained in federal custody during the pendency of those charges. *Id.* ¶ 3.

Pursuant to a negotiated written plea agreement, defendant appeared on December 1, 1997 and entered a guilty plea to Count 2 of the federal indictment, in return for dismissal of Count 1. *Id.* ¶ 4. Petitioner's plea was accepted, and he was remanded to the custody of the United States Marshal's service pending sentencing. *Id.* Petitioner was later sentenced on February 26, 1998 in the United States District Court for the Eastern District of Texas principally to a 270 month term of incarceration, to be served consecutively with the parole revocation sentences from Vermillion Parish, Louisiana and Beauregard Parish, Louisiana. Sealed Response to Petition (Dkt. No. 15) Exh. 1B. That sentence was subsequently reduced, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, on October 5, 2000 to a period of 170 months of incarceration, again to run consecutively with the parole revocation sentences from the State of Louisiana. Sealed Response to Petition (Dkt. No. 15) Exh. 1C. Both the initial judgment of conviction and the amended judgment recommended that the BOP designate the

Louisiana Department of Corrections as the place for service of the federal sentence, thereby making it in essence concurrent with the remaining portion of the term imposed pursuant to the Calcasieu Parish sentences. *See id.* Petitioner was subsequently returned to the custody of Louisiana authorities on March 17, 1998, and a federal detainer was lodged with state correctional officials. *See* Response to Petition (Dkt. No. 9) Exhs. 1H, 1I.

In light of the foregoing chronology, federal prison officials have calculated petitioner's federal sentence as commencing on February 17, 1999, based upon his having been paroled by Louisiana officials into federal custody on that date. Response to Petition (Dkt. No. 9) Exh. 1G. Petitioner was additionally given credit, as against his federal sentence, for the period of March 11 through March 17, 1997, since that period was not counted toward any state sentence, but was not similarly afforded credit for the period of March 17, 1997 through May 20, 1997, apparently because that time was also credited to petitioner's state court sentences. *See* Response to Petition (Dkt. No. 9) Exhs. 1E, 1I. Based upon those calculations, and projecting petitioner's anticipated award of good conduct credits, Guidry has a tentative release date of June 9, 2011.

6

II.     PROCEDURAL HISTORY

After exhausting internal administrative remedies, without success, petitioner commenced this proceeding on October 29, 2003. Dkt. No. 1. Named as the respondent in Guidry's petition is D.B. Drew, who at the time of filing was the warden at the Ray Brook Federal Correctional Institution ("FCI Ray Brook"), where Guidry was then confined. *See id.* A response to the petition was filed by the United States Attorney for the Northern District of New York, acting on behalf of Warden Drew, on January 23, 2004. Dkt. No. 9. Petitioner has since responded with a filing of a reply memorandum, noting his objection to the merits of that respondent's submission. Dkt. No. 10. Guidry's petition, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

    A.    Jurisdiction Under Section 2241

Petitioner commenced this proceeding seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. That provision, which has evolved

7

over time and traces its roots to the Judiciary Act of 1789, Ch. 20, § 14, 1 Stat. 81-82, empowers the federal courts to issue writs of habeas corpus in cases involving prisoners held "in custody, under or by colour of the authority of the United States." *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997) (quoting *McCleskey v. Zant*, 499 U.S. 467, 477-78, 111 S. Ct. 1454, 1461 (1991)); *see also Duamatef v. INS*, 386 F.3d 172, 178 (2d Cir. 2004). Because petitioner is challenging the calculation of his federal sentence, as distinct from the vitality of the underlying sentence itself, this proceeding is properly brought under 28 U.S.C. § 2241. *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (prisoner may challenge execution of sentence such as calculations by the Bureau of Prisons ("BOP") of credit to be given for detention under section 2241); *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 947 (2d Cir. 1976) (complete discharge or release on parole properly sought under section 2241); *U.S. v. Caceres-Lopez*, No. 95-CR-135, 1998 WL 16019, at *1 (N.D.N.Y. January 12, 1998) (Munson, J.) (petitioner's claim for pre-sentence credit should have been brought under section 2241, not section 2255); *see also Owens v. Gaines*, 219 F. Supp.2d 94, 95-98 (D. D.C. 2002) (United States district court proper

forum for challenge to parole revocation by United States Parole Commission, even when such parole arose out of DC Superior Court conviction).

B.  Merits of Guidry's Petition

Guidry's petition challenges the calculation by prison officials of his federal sentence. Petitioner essentially claims entitlement to credit, as against the sentence imposed in the Eastern District of Texas, for 703 days spent in the custody of the State of Louisiana, from March 17, 1997 until his release by state officials on February 17, 1999.[3] Petitioner maintains entitlement to that credit since, according to him, no revocation proceedings ever took place in the Louisiana state courts.

The calculation associated with federal prison sentences is a matter falling within the jurisdiction of the Attorney General, who has in turn delegated that responsibility to the BOP. *United States v. Wilson*, 503 U.S. 329, 331-33, 112 S. Ct. 1351, 1353-54 (1992); *United States*

---

[3] In his petition, Guidry actually claims entitlement to 708 days, spanning from March 11, 1997 until February 17, 1999. As was previously noted, however, the time spent by the petitioner in custody from March 11, 1997 and March 17, 1997 has been credited by the BOP toward his federal sentence. *See* Petition (Dkt. No. 1) Exh. B; Response to Petition (Dkt. No. 9) Exhs. 1E, 1I.

9

*v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997); *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996) (unpublished). For sentences rendered in and after 1987, when the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, became effective, sentence calculation is governed primarily by 18 U.S.C. § 3585. *Id.*

Section 3585 prescribes a two-step process for the calculation of federal sentences. That process entails a determination of both 1) when the sentence commences, and 2) what credit should be awarded for time served prior to the date of commencement. 18 U.S.C. § 3585; *Pineyro*, 112 F.3d at 45; *Chambers*, 920 F. Supp. at 621.

    1.    <u>Sentence Commencement</u>

In this instance there is no controversy concerning the appropriate commencement date for petitioner's federal sentence. Commencement of a federal prisoner sentence is defined by statute as follows:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). As can been seen, under this provision a sentence commences when the defendant is actually transferred into federal custody for purposes of serving his or her federal sentence. *Chambers*, 920 F. Supp. at 621-22; *see also Miller v. United States*, 826 F. Supp. 636, 638 (N.D.N.Y. 1993) (McAvoy, C.J.).

    Petitioner could perhaps argue that his federal custody commenced in July of 1997 when he was relinquished by state authorities pursuant to writ. Since petitioner had not yet been sentenced federally, however, such an event could not have triggered commencement for purposes of section 3585(a). In any event, it is well established that a defendant who is arrested by one sovereignty remains in the custody of that sovereignty until that custody is formally relinquished to the sovereign next in line. *Del Guzzi v. United States*, 980 F.2d 1269, 1271 (9th Cir. 1992); *Chambers*, 920 F. Supp. at 621-22; *see also Miller*, 826 F. Supp. at 638. Indeed, even the transfer of physical custody to authorities of a second sovereign pursuant to a writ of habeas corpus ad prosequendum – which in fact occurred in this case – does not effectuate a conceptual transfer of custody, but instead merely results in the defendant being deemed to be "on loan" from the

11

first sovereign to the second. *Miller*, 826 F. Supp. at 638. Until the sovereign with primary custody relinquishes that custody, the defendant remains in its custody. *Id.*; *Chambers*, 920 F. Supp. at 622.

BOP officials have calculated plaintiff's sentence commencement date as February 17, 1999, the date on which the federal detainer ripened into federal custody as a result of petitioner's parole on pending state court charges. This date does not appear to be particularly controversial, and is accepted by the court. *See* Petition (Dkt. No. 1) Exh. B.

### 2. Credits for Prior Time Served

At the heart of Guidry's petition is the manner in which time served prior to the date of formal commencement of his federal sentence was calculated. Petitioner contends that he is entitled to credit for all time served dating back to March 17, 1997. Implicit in petitioner's argument is his contention that the relevant time was not properly credited to a state court sentence, since he was never afforded a parole revocation hearing.

A petitioner can be deemed by the BOP to be entitled to presentence credit for prior custody, under certain circumstances. *See*

*United States v. Labeille-Soto*, 163 F.3d 93, 98-99 (2d Cir. 1998). This component of this sentence calculation is controlled by section 3585(b), which provides that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Since the conduct underlying Guidry's federal criminal conviction occurred in or prior to December of 1996, this section has potential applicability to his arrests in March and May of 1997. As can be seen, however, under this provision prior time served that is properly credited toward another sentence may not be counted, since to find otherwise would result in a prisoner earning "double credit"

for a single period of time served.[4]  *Rios v. Wiley*, 201 F.3d 257, 272 (3d Cir. 2000) (collecting cases).

Petitioner's argument in favor of credit for state time served overlooks the overwhelming evidence in the record, to the effect that he was adjudged to have been in violation of his parole in connection with the Vermillion and Beauregard Parish matters, and was sentenced in connection with those violations on May 21, 1997.  *See* Sealed Response to Petition (Dkt. No. 15) Exh. 1D, ¶¶ 28-30, 33.  Petitioner bears the burden of proof with regard to the claims set forth in his petition.  *See Hughes v. Slade*, 347 F.Supp.2d 821, 825-28 (C.D. Cal. 2004).  In the face of evidence, suggesting to the contrary, including in the form of a presentence investigation report – to which there is no indication that he objected – Guidry has submitted nothing to indicate that he was not in fact adjudicated to have been in violation of his parole and resentenced based upon those circumstances on May 21,

---

[4] Under certain circumstances a double credit is possible, pursuant to the "*Willis/Kayfez* line of cases", referring to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).  *See Rios*, 201 F.3d at 273 n.13.  The *Willis/Kayfez* exception to the general rule against double crediting applies when a petitioner is denied bail on state charges solely because a federal detainer has been filed against him or her.  *See Willis*, 438 F.2d at 925. That exception does not apply in Guidry's case, however, as federal authorities did not file a detainer with respect to him until *after* his return to state custody in March of 1998.

1997 in Vermillion and Beauregard Parishes.[5]  Consequently, as that time was credited to another sentence, and his federal sentence was designated to run consecutively to the parole revocation sentences, *see* Sealed Response to Petition (Dkt. No. 15) Exhs. 1B, 1C, petitioner has failed to carry this burden of proving entitlement to credit for that time. *Contrast Hughes*, 347 F.Supp.2d at 825-28.

IV.     SUMMARY AND RECOMMENDATION

Based upon a review of the chronology surrounding the relevant state and federal court sentences, I find that the federal sentence imposed in February of 1998, and revised in October of 2000, was properly deemed to have commenced on February 17, 1999, when petitioner was paroled by state authorities into federal custody pursuant to a federal detainer to begin serving his federal sentence.  Petitioner was also properly credited with time served between March 11, 1997 and March 17, 1997, since at that time he was in official custody, and the time was not credited against any state court sentence.  Petitioner was properly denied credit for the period from March 18, 1997 through

---

[5]     To the extent petitioner may be seeking to collaterally attack his state court convictions in those parishes for parole violations, a petition under 28 U.S.C. § 2254 is the more appropriate vehicle for mounting such a challenge. *Thomas v. Crosby*, 371 F.3d 782, 785-87 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 888 (2005).

culmination of the state court sentence being served, however, as it was credited against state court parole revocation sentence, and the federal sentence was designated to run consecutively to those parole revocation sentences. Accordingly, Guidry has failed to carry his burden of establishing a violation of governing federal law regarding the calculation of sentences, and his petition is subject to dismissal.

Based upon the foregoing it is hereby

RECOMMENDED that the petition in this matter be DENIED and DISMISSED in its entirety.

NOTICE: pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation. Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:   November 30, 2005
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\habeas corpus\sentence calculation\guidry.wpd